# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| KAMILLO GENEVA BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of the<br>Social Security Administration,<br><br>　　　　Defendant. | Case No. CV 16-09593-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On December 28, 2016, Plaintiff filed a Complaint seeking review of the denial of her application for Disability Insurance Benefits.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

1 (Docket Entry No. 1). The parties have consented to proceed before the
2 undersigned United States Magistrate Judge. (Docket Entry Nos. 12-13).
3 On June 15, 2017, Defendant filed an Answer along with the
4 Administrative Record ("AR"). (Docket Entry Nos. 16-17). The parties
5 filed a Joint Stipulation ("Joint Stip.") on September 12, 2017, setting
6 forth their respective positions regarding Plaintiff's claims. (Docket
7 Entry No. 18).

9 The Court has taken this matter under submission without oral
10 argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social
11 Security Appeal," filed January 3, 2017 (Docket Entry No. 8).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

15 On September 20, 2013, Plaintiff, formerly employed as a call
16 taker, a caretaker, and a stock clerk (see AR 39-41, 58, 153-56), filed
17 an application for Disability Insurance Benefits, alleging an inability
18 to work because of a disabling condition since May 7, 2013. (See AR 115-
19 20). On May 26, 2015, the Administrative Law Judge ("ALJ"), Elizabeth
20 R. Lishner, heard testimony from Plaintiff (represented by counsel) and
21 vocational expert Ronald Hatakeyayma. (See AR 38-67). On June 18,
22 2015, the ALJ issued a decision denying Plaintiff's application. (See
23 AR 25-32). After determining that Plaintiff had severe impairments --
24 depression and anxiety (AR 27) -- but did not have an impairment or
25 combination of impairments that met or medically equaled the severity of
26 one of the Listed Impairments (AR 27-28), the ALJ found that Plaintiff

had the residual functional capacity ("RFC")[2] to perform a full range of work at all exertional levels with the following limitations: no climbing ladders, ropes or scaffolds; no exposure to heights or heavy machinery; no fast-paced work; and no team work. (AR 28-31). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 31), but that Plaintiff could perform jobs existing in significant numbers in the national economy, and was therefore not disabled within the meaning of the Social Security Act. (AR 31-32).

Plaintiff requested that the Appeals Council review the ALJ's decision. (See AR 15-19). The request was denied on November 23, 2016. (See AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in rejecting the State Agency physician's opinion that Plaintiff has a moderate limitation in her ability to complete a normal workday and workweek. (See Joint Stip. at 4-6, 8).

//
//
//

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

3

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's sole claim of error warrants a remand for further consideration.

**A. The ALJ Did Not Properly Reject the State Agency Physician's Opinion Regarding Plaintiff's Ability to Complete a Normal Workday and Workweek**

Plaintiff asserts that the ALJ failed to provide any reasons for rejecting the opinion of the State Agency physician, Dr. Paula Lynch, concerning Plaintiff's ability to complete a normal workday and workweek. (See Joint Stip. at 4-6, 8). Defendant asserts that the ALJ properly gave little weight to the State Agency physician's opinion. (See Joint Stip. at 6-8).

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b). All evidence from non-examining sources is considered to be opinion evidence. 20 C.F.R. § 404.1527(e). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

On November 6, 2013, Paula Lynch, M.D., a State Agency physician, completed a Disability Determination Explanation report. (See AR 69-78). Dr. Lynch reviewed the following evidence: a Third Party Function

Report dated November 5, 2013, a Pain Form dated October 28, 2013, an Adult Function Report dated October 28, 2013, a Work History Report dated October 28, 2013, Kaiser Behavioral Health Services Records, and other medical records. (AR 70-73). Dr. Lynch opined that Plaintiff had severe affective and anxiety disorders. (AR 72-73). Dr. Lynch further opined that Plaintiff was "moderately limited" in the following areas: "[t]he ability to carry out details instructions"; "[t]he ability to carry out detailed instructions"; "**[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms** and to perform at a consistent pace without an unreasonable number and length or rest periods"; "[t]he ability to accept instructions and respond appropriately to criticism from supervisors"; "[t]he ability to respond appropriately to changes in the work setting"; and "[t]he ability to set realistic goals or make plans independently of others." (AR 74-76, bolded for emphasis). Dr. Lynch ultimately opined that Plaintiff was not disabled. (AR 78).

The ALJ's decision addressed Dr. Lynch's report as follows:

> Also inconsistent with the claimant's allegations in this case, and fully consistent with the residual functional capacity found in this decision is the medical opinion of record. It is emphasized that no treating doctor has indicated that the claimant is disabled or even that she is more limited than found in this decision. In fact, the only medical opinion of record was provided by a State Agency medical consultant, who found the claim was limited to simple tasks (Ex. 2A). However, there is nothing in the record to

support this restriction, as the claimant reported that the
fast pace of work was difficult for her, as opposed to the
actual work itself.  Therefore, this opinion is given little
weight.  (AR 30).

The ALJ gave little weight to Dr. Lynch's opinion that Plaitniff was limited to simple tasks, finding *this limitation* to be unsupported by the record.  (AR 30).  However, the ALJ did not acknowledge or address Dr. Lynch's opinion that Plaintiff was moderately limited in her ability to complete a normal workday and workweek without interruptions, and failed to provide any reason(s) for rejecting this opinion.

**B.    Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly address the State Agency physician's opinion regarding Plaintiff's ability to complete a normal workday and workweek, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 12, 2017

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE